**FILED**
CLERK, U.S. DISTRICT COURT
7/29/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_JB\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>HAYK KHALATYAN,<br><br>           Defendant. | CR   2:22-cr-00345-DMG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

[18 U.S.C. § 922(g)(1)]

On or about May 23, 2022, in Los Angeles County, within the Central District of California, defendant HAYK KHALATYAN knowingly possessed a firearm, namely, a Taurus model G2C, 9mm caliber pistol, bearing serial number ACB508644, and ammunition, namely, approximately three rounds of Luvata Appleton 9mm Luger caliber ammunition, three rounds of Fiocchi 9mm Luger caliber ammunition, and one round of Remington Arms 9mm Luger caliber ammunition, in and affecting interstate and foreign commerce.

Defendant KHALATYAN possessed such firearm and ammunition knowing that he had previously been convicted of a felony crime, punishable by a term of imprisonment exceeding one year, namely, Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number LA08405501, on or about January 24, 2017.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

1  substantially diminished in value; or (e) has been commingled with
2  other property that cannot be divided without difficulty.
3
4
5                                              A TRUE BILL
6                                                    /S/
                                               Foreperson
7
8  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
9
10
11 SCOTT M. GARRINGER
   Assistant United States Attorney
12 Chief, Criminal Division
13 DAVID T. RYAN
   Assistant United States Attorney
14 Deputy Chief, General Crimes
   Section
15
   SARAH E. GERDES
16 Assistant United States Attorney
   General Crimes Section
17
18
19
20
21
22
23
24
25
26
27
28