E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
RAJESH R. SRINIVASAN (Cal. Bar No. 310510)
Assistant United States Attorney
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7416
    Facsimile: (213) 894-6269
    Email:    rajesh.srinivasan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:22-cr-00345-DMG |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT HAYK KHALATYAN |
| v. | |
| HAYK KHALATYAN, | |
| Defendant. | |

1.   This constitutes the plea agreement between Hayk Khalatyan ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count indictment in United States v. Hayk Khalatyan, No. 2:22-cr-00345-DMG,

1  which charges defendant with being a felon in possession of a firearm
2  and ammunition in violation of 18 U.S.C. § 922(g)(1).

3            b.    Not contest facts agreed to in this agreement.

4            c.    Abide by all agreements regarding sentencing contained
5  in this agreement.

6            d.    Appear for all court appearances, surrender as ordered
7  for service of sentence, obey all conditions of any bond, and obey
8  any other ongoing court order in this matter.

9            e.    Not commit any crime; however, offenses that would be
10  excluded for sentencing purposes under United States Sentencing
11  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
12  within the scope of this agreement.

13            f.    Be truthful at all times with the United States
14  Probation and Pretrial Services Office and the Court.

15            g.    Pay the applicable special assessment at or before the
16  time of sentencing unless defendant has demonstrated a lack of
17  ability to pay such assessments.

18       3.    Defendant further agrees:

19            a.    To forfeit all right, title, and interest in and to
20  any and all monies, properties, and/or assets of any kind, derived
21  from or acquired as a result of, used to facilitate the commission
22  of, or involved in the illegal activity to which defendant is
23  pleading guilty, specifically including, but not limited to, the
24  following:

25            i.    a Taurus model G2C, 9mm caliber pistol, bearing
26  serial number ACB508644;

27            ii.  approximately three rounds of Luvata Appleton 9mm
28  Luger caliber ammunition;

2

1            iii. three rounds of Fiocchi 9mm Luger caliber

2 ammunition; and

3            iv.  one round of Remington Arms 9mm Luger caliber

4 ammunition (collectively, the "Forfeitable Assets").

5        b.   To the Court's entry of an order of forfeiture at or

6 before sentencing with respect to the Forfeitable Assets and to the

7 forfeiture of the assets.

8        c.   To take whatever steps are necessary to pass to the

9 United States clear title to the Forfeitable Assets, including,

10 without limitation, the execution of a consent decree of forfeiture

11 and the completing of any other legal documents required for the

12 transfer of title to the United States.

13        d.   Not to contest any administrative forfeiture

14 proceedings or civil judicial proceedings commenced against the

15 Forfeitable Assets.  If defendant submitted a claim and/or petition

16 for remission for all or part of the Forfeitable Assets on behalf of

17 himself or any other individual or entity, defendant shall and hereby

18 does withdraw any such claims or petitions, and further agrees to

19 waive any right he may have to seek remission or mitigation of the

20 forfeiture of the Forfeitable Assets.

21        e.   Not to assist any other individual in any effort

22 falsely to contest the forfeiture of the Forfeitable Assets.

23        f.   Not to claim that reasonable cause to seize the

24 Forfeitable Assets was lacking.

25        g.   To prevent the transfer, sale, destruction, or loss of

26 any and all assets described above to the extent defendant has the

27 ability to do so.

28

1          h.    To fill out and deliver to the USAO a completed

2    financial statement listing defendant's assets on a form provided by

3    the USAO.

4          i.    That forfeiture of Forfeitable Assets shall not be

5    counted toward satisfaction of any special assessment, fine,

6    restitution, costs, or other penalty the Court may impose.

7    4.    With respect to any criminal forfeiture ordered as a result

8    of this plea agreement, defendant waives: (1) the requirements of

9    Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice

10   of the forfeiture in the charging instrument, announcements of the

11   forfeiture sentencing, and incorporation of the forfeiture in the

12   judgment; (2) all constitutional and statutory challenges to the

13   forfeiture (including by direct appeal, habeas corpus or any other

14   means); and (3) all constitutional, legal, and equitable defenses to

15   the forfeiture of the Forfeitable Assets in any proceeding on any

16   grounds including, without limitation, that the forfeiture

17   constitutes an excessive fine or punishment.  Defendant acknowledges

18   that forfeiture of the Forfeitable Assets is part of the sentence

19   that may be imposed in this case and waives any failure by the Court

20   to advise defendant of this, pursuant to Federal Rule of Criminal

21   Procedure 11(b)(1)(J), at the time the Court accepts defendant's

22   guilty plea.

23                         THE USAO'S OBLIGATIONS

24   5.    The USAO agrees to:

25         a.    Not contest facts agreed to in this agreement.

26         b.    Abide by all agreements regarding sentencing contained

27   in this agreement.

28

1          c.    At the time of sentencing, provided that defendant

2    demonstrates an acceptance of responsibility for the offense up to

3    and including the time of sentencing, recommend a two-level reduction

4    in the applicable Sentencing Guidelines offense level, pursuant to

5    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

6    additional one-level reduction if available under that section.

7          d.    Recommend that defendant be sentenced to a term of

8    imprisonment no higher than the low end of the applicable Sentencing

9    Guidelines range, provided that the offense level used by the Court

10   to determine that range is 17 or higher.   For purposes of this

11   agreement, the low end of the Sentencing Guidelines range is that

12   defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

13                            NATURE OF THE OFFENSE

14        6.    Defendant understands that for defendant to be guilty of

15   the crime charged in the indictment, that is, being a felon in

16   possession of a firearm or ammunition, in violation of 18 U.S.C.

17   § 922(g)(1), the following must be true: (1) defendant knowingly

18   possessed a firearm or ammunition; (2) the firearm or ammunition had

19   been shipped or transported from one state to another or between a

20   foreign nation and the United States; (3) at the time defendant

21   possessed the firearm or ammunition, defendant had been convicted of

22   a crime punishable by imprisonment for a term exceeding one year; and

23   (4) at the time defendant possessed the firearm or ammunition,

24   defendant knew he had been convicted of a crime punishable by

25   imprisonment for a term exceeding one year.

26                                 PENALTIES

27        7.    Defendant understands that the statutory maximum sentence

28   that the Court can impose for a violation of 18 U.S.C. § 922(g)(1)

5

1   is: 10 years' imprisonment; a three-year period of supervised
2   release; a fine of $250,000 or twice the gross gain or gross loss
3   resulting from the offense, whichever is greatest; and a mandatory
4   special assessment of $100.

5       8.   The Court will also order forfeiture of the property listed
6   in the Forfeiture Allegation of the indictment pursuant to 18 U.S.C.
7   § 924(d)(1) and 28 U.S.C. § 2461(c) or substitute assets up to the
8   value of that property.

9       9.   Defendant understands that supervised release is a period
10  of time following imprisonment during which defendant will be subject
11  to various restrictions and requirements.  Defendant understands that
12  if defendant violates one or more of the conditions of any supervised
13  release imposed, defendant may be returned to prison for all or part
14  of the term of supervised release authorized by statute for the
15  offense that resulted in the term of supervised release, which could
16  result in defendant serving a total term of imprisonment greater than
17  the statutory maximum stated above.

18      10.  Defendant understands that, by pleading guilty, defendant
19  may be giving up valuable government benefits and valuable civic
20  rights, such as the right to vote, the right to possess a firearm,
21  the right to hold office, and the right to serve on a jury. Defendant
22  understands that he is pleading guilty to a felony and that it is a
23  federal crime for a convicted felon to possess a firearm or
24  ammunition.  Defendant understands that the conviction in this case
25  may also subject defendant to various other collateral consequences,
26  including but not limited to revocation of probation, parole, or
27  supervised release in another case and suspension or revocation of a
28  professional license.  Defendant understands that unanticipated

6

1  collateral consequences will not serve as grounds to withdraw

2  defendant's guilty plea.

3      11.  Defendant and his counsel have discussed the fact that, and

4  defendant understands that, if defendant is not a United States

5  citizen, the conviction in this case makes it practically inevitable

6  and a virtual certainty that defendant will be removed or deported

7  from the United States.  Defendant may also be denied United States

8  citizenship and admission to the United States in the future.

9  Defendant understands that while there may be arguments that

10  defendant can raise in immigration proceedings to avoid or delay

11  removal, removal is presumptively mandatory and a virtual certainty

12  in this case.  Defendant further understands that removal and

13  immigration consequences are the subject of a separate proceeding and

14  that no one, including his attorney or the Court, can predict to an

15  absolute certainty the effect of his conviction on his immigration

16  status.  Defendant nevertheless affirms that he wants to plead guilty

17  regardless of any immigration consequences that his plea may entail,

18  even if the consequence is automatic removal from the United States.

19                              FACTUAL BASIS

20      12.  Defendant admits that defendant is, in fact, guilty of the

21  offense to which defendant is agreeing to plead guilty.  Defendant

22  and the USAO agree to the statement of facts provided below and agree

23  that this statement of facts is sufficient to support a plea of

24  guilty to the charge described in this agreement and to establish the

25  Sentencing Guidelines factors set forth in paragraph 14 below but is

26  not meant to be a complete recitation of all facts relevant to the

27  underlying criminal conduct or all facts known to either party that

28  relate to that conduct.

On or about May 23, 2022, in Encino, California, within the Central District of California, defendant knowingly possessed a firearm -- namely, a Taurus model G2C, 9mm caliber pistol, bearing serial number ACB508644 ("the recovered firearm") -- and ammunition -- namely, approximately three rounds of Luvata Appleton 9mm Luger caliber ammunition, three rounds of Fiocchi 9mm Luger caliber ammunition, and one round of Remington Arms 9mm Luger caliber ammunition ("the recovered ammunition").

Because the recovered firearm and recovered ammunition were found in California but were manufactured in states other than California or in countries other than the United States, the recovered firearm and recovered ammunition had been shipped or transported from one state to another or between a foreign nation and the United States.

At the time defendant knowingly possessed the recovered firearm and recovered ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year -- namely, Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number LA08405501, on or about January 24, 2017. Moreover, at the time defendant knowingly possessed the recovered firearm and recovered ammunition, defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

<u>SENTENCING FACTORS</u>

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures

1  under the Sentencing Guidelines, and the other sentencing factors set
2  forth in 18 U.S.C. § 3553(a). Defendant understands that the
3  Sentencing Guidelines are advisory only, that defendant cannot have
4  any expectation of receiving a sentence within the calculated
5  Sentencing Guidelines range, and that after considering the
6  Sentencing Guidelines and the other § 3553(a) factors, the Court will
7  be free to exercise its discretion to impose any sentence it finds
8  appropriate up to the maximum set by statute for the crime of
9  conviction.

10     14. Defendant and the USAO agree to the following applicable
11  Sentencing Guidelines factors:

12  Base Offense Level (Offense          20        U.S.S.G. § 2K2.1(a)(4)
    Committed After Sustaining One
13  Felony Conviction for
    Crime of Violence):
14

15  The USAO will agree to a two-level downward adjustment for acceptance
16  of responsibility (and, if applicable, move for an additional one-
17  level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the
18  conditions set forth in paragraph 5(c) are met and if defendant has
19  not committed, and refrains from committing, acts constituting
20  obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as
21  discussed below. Subject to paragraph 26 below, defendant and the
22  USAO agree not to seek, argue, or suggest in any way, either orally
23  or in writing, that any other specific offense characteristics,
24  adjustments, or departures relating to the offense level be imposed.
25  Defendant agrees, however, that if, after signing this agreement but
26  prior to sentencing, defendant were to commit an act, or the USAO
27  were to discover a previously undiscovered act committed by defendant
28  prior to signing this agreement, which act, in the judgment of the

1   USAO, constituted obstruction of justice within the meaning of

2   U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set

3   forth in that section and to argue that defendant is not entitled to

4   a downward adjustment for acceptance of responsibility under U.S.S.G.

5   § 3E1.1.  Defendant understands that defendant's offense level could

6   be increased if defendant is a career offender under U.S.S.G.

7   §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered,

8   defendant and the USAO will not be bound by the agreement to

9   Sentencing Guideline factors set forth above.

10      15.  Defendant understands that there is no agreement as to

11   defendant's criminal history or criminal history category.

12      16.  Defendant and the USAO reserve the right to argue for a

13   sentence outside the sentencing range established by the Sentencing

14   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

15   (a)(2), (a)(3), (a)(6), and (a)(7).

16                  WAIVER OF CONSTITUTIONAL RIGHTS

17      17.  Defendant understands that by pleading guilty, defendant

18   gives up the following rights:

19           a.   The right to persist in a plea of not guilty.

20           b.   The right to a speedy and public trial by jury.

21           c.   The right to be represented by counsel -- and if

22   necessary have the Court appoint counsel -- at trial.  Defendant

23   understands, however, that, defendant retains the right to be

24   represented by counsel -- and if necessary have the Court appoint

25   counsel -- at every other stage of the proceeding.

26           d.   The right to be presumed innocent and to have the

27   burden of proof placed on the government to prove defendant guilty

28   beyond a reasonable doubt.

                              10

1           e.   The right to confront and cross-examine witnesses

2    against defendant.

3           f.   The right to testify and to present evidence in

4    opposition to the charges, including the right to compel the

5    attendance of witnesses to testify.

6           g.   The right not to be compelled to testify, and, if

7    defendant chose not to testify or present evidence, to have that

8    choice not be used against defendant.

9           h.   Any and all rights to pursue any affirmative defenses,

10   Fourth Amendment or Fifth Amendment claims, and other pretrial

11   motions that have been filed or could be filed.

12                    WAIVER OF APPEAL OF CONVICTION

13        18.  Defendant understands that, with the exception of an appeal

14   based on a claim that defendant's guilty plea was involuntary, by

15   pleading guilty defendant is waiving and giving up any right to

16   appeal defendant's conviction on the offense to which defendant is

17   pleading guilty.  Defendant understands that this waiver includes,

18   but is not limited to, arguments that the statute to which defendant

19   is pleading guilty is unconstitutional, and any and all claims that

20   the statement of facts provided herein is insufficient to support

21   defendant's plea of guilty.

22                LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23        19.  Defendant agrees that, provided the Court imposes a term of

24   imprisonment within or below the range corresponding to an offense

25   level of 17 and the criminal history category calculated by the

26   Court, defendant gives up the right to appeal all of the following:

27   (a) the procedures and calculations used to determine and impose any

28   portion of the sentence; (b) the term of imprisonment imposed by the

                                   11

1 | Court; (c) the fine imposed by the Court, provided it is within the
2 | statutory maximum; (d) to the extent permitted by law, the
3 | constitutionality or legality of defendant's sentence, provided it is
4 | within the statutory maximum; (e) the term of probation or supervised
5 | release imposed by the Court, provided it is within the statutory
6 | maximum; and (f) any of the following conditions of probation or
7 | supervised release imposed by the Court: the conditions set forth in
8 | Second Amended General Order 20-04 of this Court; the drug testing
9 | conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
10 | alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

11 |     20. The USAO agrees that, provided (a) all portions of the
12 | sentence are at or below the statutory maximum specified above and
13 | the Court imposes a term of imprisonment within or above the range
14 | corresponding to an offense level of 17 and the criminal history
15 | category calculated by the Court, the USAO gives up its right to
16 | appeal any portion of the sentence.

17 | <u>WAIVER OF RIGHT TO COLLATERAL ATTACK</u>

18 |     21. Defendant also gives up any right to bring a post-
19 | conviction collateral attack on the conviction or sentence, except a
20 | post-conviction collateral attack based on a claim of ineffective
21 | assistance of counsel, a claim of newly discovered evidence, or an
22 | explicitly retroactive change in the applicable Sentencing
23 | Guidelines, sentencing statutes, or statutes of conviction.
24 | Defendant understands that this waiver includes, but is not limited
25 | to, arguments that the statute to which defendant is pleading guilty
26 | is unconstitutional, and any and all claims that the statement of
27 | facts provided herein is insufficient to support defendant's plea of
28 | guilty.

12

RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

13

1            COURT AND UNITED STATES PROBATION

2        AND PRETRIAL SERVICES OFFICE NOT PARTIES

3        25.   Defendant understands that the Court and the United States

4    Probation and Pretrial Services Office are not parties to this

5    agreement and need not accept any of the USAO's sentencing

6    recommendations or the parties' agreements to facts or sentencing

7    factors.

8        26.   Defendant understands that both defendant and the USAO are

9    free to: (a) supplement the facts by supplying relevant information

10   to the United States Probation and Pretrial Services Office and the

11   Court, (b) correct any and all factual misstatements relating to the

12   Court's Sentencing Guidelines calculations and determination of

13   sentence, and (c) argue on appeal and collateral review that the

14   Court's Sentencing Guidelines calculations and the sentence it

15   chooses to impose are not error, although each party agrees to

16   maintain its view that the calculations in paragraph 14 are

17   consistent with the facts of this case.  While this paragraph permits

18   both the USAO and defendant to submit full and complete factual

19   information to the United States Probation and Pretrial Services

20   Office and the Court, even if that factual information may be viewed

21   as inconsistent with the facts agreed to in this agreement, this

22   paragraph does not affect defendant's and the USAO's obligations not

23   to contest the facts agreed to in this agreement.

24       27.   Defendant understands that even if the Court ignores any

25   sentencing recommendation, finds facts or reaches conclusions

26   different from those agreed to, and/or imposes any sentence up to the

27   maximum established by statute, defendant cannot, for that reason,

28   withdraw defendant's guilty plea, and defendant will remain bound to

                                    14

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be within

5  the statutory maximum.

6                     <u>NO ADDITIONAL AGREEMENTS</u>

7      28.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12         <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

13      29.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  E. MARTIN ESTRADA
    United States Attorney

20

21      */s/ Rajesh R. Srinivasan*                    May 16, 2024
    _____              _____
22  RAJESH R. SRINIVASAN                     Date
    Assistant United States Attorney

23                                                    5.18.24
    _____              _____
24  HAYK KHALATYAN                           Date
    Defendant

25                                                    5/18/24
    _____              _____
26  GEORGE MGDESYAN                          Date
    Attorney for Defendant HAYK
27  KHALATYAN

28

                                15

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          5·18·24
HAYK KHALATYAN                            _____
Defendant                                 Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant Hayk Khalatyan's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

16

1  provisions, and of the consequences of entering into this agreement.

2  To my knowledge: no promises, inducements, or representations of any

3  kind have been made to my client other than those contained in this

4  agreement; no one has threatened or forced my client in any way to

5  enter into this agreement; my client's decision to enter into this

6  agreement is an informed and voluntary one; and the factual basis set

7  forth in this agreement is sufficient to support my client's entry of

8  a guilty plea pursuant to this agreement.

9

10  _____          _____
    GEORGE MGDESYAN                            Date  5/18/24
11  Attorney for Defendant HAYK
    KHALATYAN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17